Electronically Filed
Kahalah A. Clay
Circuit Clerk
Morgan Ragsdale
21L0156
St. Clair County
2/17/2021 12:24 PM
12240359

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

| | | |
|---|---|---|
| ROXANNE ROYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. **21L0156** |
| | ) | |
| TARGET CORPORATION, | ) | PLAINTIFF REQUESTS |
| Serve at: | ) | TRIAL BY JURY |
| 208 SO Lasalle Street, Suite 814 | ) | |
| Chicago, IL 62226 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Roxanne Royce, by and through counsel, and for her cause of action against Defendant, alleges and states as follows:

### STATEMENT OF JURISDICTION

1. This claim is brought pursuant to this Court's original jurisdiction over all cases and matters, such jurisdiction granted by 735 ILCS 5/2-101.

2. The amount of controversy exceeds the jurisdictional minimum of this court.

3. Venue is proper in that Plaintiff's cause of action accrued in St. Clair County, State of Illinois.

### PARTIES TO THE CLAIM

4. Plaintiff, at all times material hereto, is and has been a resident of Saint Clair County, Illinois.

5. Upon information and belief, at all the times material hereto, Defendant Target Corporation owned and operated and/or was in possession, custody, and/or control of real property located at 5601 Belleville Crossing Street, Belleville, in St. Clair County, Illinois, and is a Minnesota

corporation in good standing, and the name and address of its registered agent in the state of Illinois is C T Corporation System, located at 208 SO Lasalle Street, Suite 814, Chicago, Illinois 60604.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On or about November 23, 2019, while Plaintiff was an invitee of Defendant Target Corporation, Plaintiff attempted to reach a toy which was located on one of Target Corporation's shelves, when the shelf and its contents fell and struck Plaintiff.

7. As a result of Defendant's failure to detect or repair the loose and dangerous shelving, the property of Defendant was not reasonably safe for invitees.

8. Defendant knew, or by using ordinary care should have known, of the unsafe condition of the property and had ample opportunity to make the area safe for invitees.

## COUNT I

**COMES NOW** Plaintiff and, for Count I of her cause of action against Defendant, alleges and states as follows:

9. Plaintiff adopts and incorporates paragraphs 1-8 of this Complaint as if fully set forth herein by this reference.

10. Defendant had a duty to prevent invitees from suffering foreseeable injuries and to maintain its premises in a reasonably safe condition.

11. As demonstrated by the conditions above, Defendant was negligent in the following particulars:

   a. In failing to use ordinary care to discover, remedy, or warn of the danger to invitees, including Plaintiff, posed by the loose shelving on Defendant's premises;

   b. In failing to use ordinary care to barricade the loose shelving from use by

invitees, including Plaintiff;

c. In failing to use ordinary care to warn invitees, including Plaintiff, of the loose and dangerous shelving;

d. In failing to provide a reasonably safe means for invitees, including Plaintiff, to ambulate the premises; and

e. In failing to provide a reasonably safe means for invitees, including Plaintiff, to engage in the normal use of its shelving to retrieve items intended for sale by Defendant.

12. Defendant's negligence directly caused or contributed to cause Plaintiff to sustain injuries to her left hand and small left finger. She suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of her physical injuries. She has suffered all of the above injuries, pain and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling and progressive.

13. By reason of Plaintiff's injuries, she paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

14. By reason of Plaintiff's injuries, she suffered and in the future will suffer loss of earning capacity.

15. Plaintiff is entitled to fair and reasonable damages in excess of fifty thousand dollars ($50,000.00) for the injuries sustained by her as a direct and/or contributory result of Defendant's negligence.

16. Plaintiff should be awarded her court and litigation costs incurred herein and,

therefore, requests an award of said costs to be paid by Defendant.

**WHEREFORE**, Plaintiff prays that she be awarded fair and reasonable damages in excess of $50,000.00 against Defendant, together with her costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

_/s/ John L. Wilbers_
John L. Wilbers, #6314598 IL
**The Wilbers Law Firm, LLC**
130 S. Bemiston, Suite 406
St. Louis, MO 63105
Ph. (314) 721-3040
Fx. (314) 721-3052
jwilbers@thewilberslawfirm.com
*Attorney for Plaintiff*